HANSON BRIDGETT LLP
ALEXANDER J. BERLINE, SBN 158098
aberline@hansonbridgett.com
MILES C. HOLDEN, SBN 263342
mholden@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California  94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Plaintiffs
PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN,<br><br>             Plaintiffs,<br><br>      v.<br><br>GREENWICH INSURANCE COMPANY,<br><br>             Defendant. | CASE NO.<br><br>**COMPLAINT OF PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; AND TRUNG TRAN AGAINST GREENWICH INSURANCE COMPANY FOR: (1) DECLARATORY RELIEF – DUTY TO PAY DEFENSE EXPENSES: (2) DECLARATORY RELIEF – DUTY TO INDEMNIFY; (3) BREACH OF CONTRACT; (4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND (5) UNFAIR BUSINESS PRACTICES (VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiffs PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN (collectively, "PHP") hereby sue Defendant GREENWICH INSURANCE COMPANY ("GREENWICH") and allege as follows:

## THE PARTIES

1. PHP INSURANCE SERVICE, INC. is and was at all relevant times a corporation duly organized under the laws of California with its principal place of business in Santa Clara County, California and at all relevant times was and is authorized to transact business in California.

2. PHP GROUP, INC. is and was at all relevant times a corporation duly organized under the laws of California with its principal place of business in Santa Clara County, California and at all relevant times was and is authorized to transact business in California.

3. TRUNG TRAN is and was at all relevant times an individual residing in Santa Clara County, California.

4. PHP alleges on information and belief that GREENWICH is and was at all times an insurer domiciled in Delaware with its principal place of business in Pennsylvania that is and was at all relevant times authorized to transact business in California as an insurer.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under 28 U.S.C. §1367 because the claims asserted herein form part of the same case or controversy as those asserted in the Complaint.

## VENUE

6. Venue is proper in this District and Division under 28 U.S.C. § 1391 because a substantial part of the alleged events and/or omissions giving right to the

claims occurred here, including but not limited to the underlying litigation.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2, assignment of this case to the San Jose Division is proper because the action arises in Santa Clara County due to the underlying action being filed and litigated there and GREENWICH being obligated to provide coverage benefits to PHP there.

## GENERAL ALLEGATIONS

### I. NATURE OF THE CLAIM AND RELIEF SOUGHT

8. This Complaint concerns insurance-coverage issues arising out of the litigation styled *Huong Ho and Kevin Nguyen v. PHP Group, Inc.; PHP Insurance Service, Inc.; Trung Tran; and Does 1-15*; California Superior Court, Santa Clara County; Case No. 112CV236349 ("Underlying Action").

9. Upon being sued in the Underlying Action, PHP promptly tendered notice of the Underlying Action to GREENWICH and a claim for all available coverages.

10. GREENWICH failed to comply with its obligations to PHP in connection with PHP's tender of the Underlying Action.

11. PHP now seeks declarations of rights, obligations, duties and liability under the policy issued by GREENWICH.

12. PHP also seeks damages, fees, and costs against GREENWICH for breaching the policy and the implied covenant of good faith and fair dealing by unreasonably taking coverage positions contrary to established insurance law and interpreting the policy in a manner so as to deny PHP the coverage to which it is entitled.

13. PHP further seeks relief under California Business and Professions Code § 17200, et seq.

### II. BACKGROUND FACTS

14. This claims that are the subject of this insurance-coverage dispute arose

out of the alleged employment of Huong Ho and Kevin Nguyen, the plaintiffs in the Underlying Action (collectively, "Underlying Plaintiffs"), by PHP as insurance agents and/or brokers at an insurance brokerage located in San Jose, Santa Clara County, California.

## III. THE UNDERLYING ACTION

15. On or about November 19, 2012, the Underlying Plaintiffs filed a complaint in the Underlying Action ("Underlying Complaint") alleging, among other things, PHP's violation of various provisions of the California Labor Code including but not limited to the alleged failure to provide the accurate itemized statements required by California Labor Code § 226.  A true and correct copy of the Underlying Complaint is attached hereto as **Exhibit A**, the contents of which PHP incorporates herein for reference and not for the purposes of admitting or denying any allegations contained therein.

16. The Underlying Plaintiffs dismissed PHP Group, Inc. from the Underlying Action.

17. Thereafter, effective on or about March 29, 2013, PHP Insurance Service, Inc. and Mr. Tran entered into a settlement agreement with the Underlying Plaintiffs to settle the Underlying Action for less than the Policy's available limits ("Underlying Settlement").

18. On or about the Summer of 2013, the Court in the Underlying Action approved the Underlying Settlement.

## IV. THE INSURANCE POLICY

19. As relevant to this Complaint, GREENWICH issued to PHP Insurance Service, Inc. employment practices liability insurance policy number ABD9774242-00, effective December 26, 2011 to December 26, 2012 ("Policy").  A true and correct copy of the Policy (with the premium information redacted) is attached hereto as **Exhibit B**, the contents of which PHP incorporates herein by reference.

20. The insuring agreement of the Policy states in part: "The Insurer will

pay, on behalf of the Insureds, Loss in excess of the applicable Retention arising from any Employment Claim first made against an Insured during the Policy Period (or Extended Reporting Period, if applicable) for a Wrongful Employment Act." The Policy defines "Employment Claim" in part as "any written demand or notice received by an Insured alleging that an Insured has committed a Wrongful Employment Act." The Policy defines "Wrongful Employment Act" to include, among other things: "1. Discrimination; 2. Harassment; . . . 5. employment-related misrepresentation; 6. breach of written or oral employment contract or implied employment contract; 7. failure to enforce employment-related policies and procedures relating to any Wrongful Employment Act . . . ." The Policy defines "Loss" as "Damages and Defense Costs."

21. PHP timely tendered notice of and claim for the Underlying Action to GREENWICH, including the Underlying Complaint, and has satisfied all terms and conditions of the Policy that apply to it, except to the extent that GREENWICH prevented PHP from performing and/or PHP was excused from performing.

## V. GREENWICH'S WRONGFUL HANDLING OF PHP'S CLAIM

22. Between the filing of the Underlying Complaint and December 6, 2012, PHP tendered notice of and claim for the Underlying Action to GREENWICH.

23. On or about December 6, 2012, through ABA Insurance Services, Inc. d.b.a. Cabins Insurance Services ("ABA"), GREENWICH issued a denial letter to PHP in connection with the Underlying Action, through which GREENWICH communicated its refusal to pay for the defense or indemnity of PHP in the Underlying Action ("Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as **Exhibit C**, the contents of which PHP incorporates herein for reference and not for the purposes of admitting or denying any allegations contained therein.

24. On or about March 8, 2013, counsel for PHP sent a letter to GREENWICH (through ABA) rebutting the Denial Letter and explaining that

GREENWICH was obligated to pay for the defense of PHP in the Underlying Action ("Rebuttal Letter").

25. Enclosed with the Rebuttal Letter was a "Record of Claim Status Interview Voluntary Quit (VQ)" by Underlying Plaintiff Mr. Nguyen ("EDD Statement"). The EDD Statement reflects that Mr. Nguyen claimed to the California Employment Development Department that he suffered "Harassment" and/or "Discrimination" as an employee of PHP, for example, by stating: "in addition to the long hours clmt [sic] states the working environment was not very good as well because his er [sic] would oftentimes yell and berate him even in front of other co workers [sic]." A true and correct copy of the EDD Statement (with personal information redacted) is attached hereto as **Exhibit D**, the contents of which PHP incorporates herein for reference and not for the purposes of admitting or denying any allegations contained therein.

26. Also enclosed with the Rebuttal Letter was a "Joint Initial Status Conference Class Action Response Statement" by the parties in the Underlying Action ("Joint CMS"), which included a "Description of Factual and Legal Issues" by the Underlying Plaintiffs. The Joint CMS reflects that the Underlying Plaintiffs claimed in the Underlying Action that they suffered "Harassment" and/or "Discrimination" as employees of PHP, for example, by stating: "Defendants run PHP Insurance Service as a taskmaster over immigrant Vietnamese workers, who are recent immigrants or are new graduates. Defendants purposely hire those individuals so that they can improperly take advantage of their lack of knowledge and lack of sophistication in employment and labor rights." A true and correct copy of the Joint CMS is attached hereto as **Exhibit E**, the contents of which PHP incorporates herein for reference and not for the purposes of admitting or denying any allegations contained therein.

27. On or about April 30, 2013, through written correspondence from its counsel, GREENWICH reasserted its refusal to defend or indemnify PHP in the

Underlying Action .

28. On or about June 19, 2013, through written correspondence from its counsel, PHP demanded that GREENWICH change its position, pay for PHP's defense expenses incurred in the Underlying Action, and pay toward the settlement of the Underlying Action.

29. On or about July 17, 2013 and again on or about September 8, 2014, through written correspondence from its counsel, GREENWICH again reasserted its refusal to defend or indemnify PHP in the Underlying Action.

30. The refusal by GREENWICH to pay toward the defense and/or indemnity of PHP in the Underlying Action constitutes a material breach of the Policy and of the implied covenant of good faith and fair dealing, and violates of California's unfair business practices law.

## FIRST CAUSE OF ACTION

**DECLARATORY RELIEF – DUTY TO PAY DEFENSE EXPENSES (AGAINST GREENWICH)**

31. PHP realleges and incorporates by reference each and every allegation set forth above in this Complaint.

32. A dispute and actual, justiciable controversy has arisen and now exists between PHP and GREENWICH concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with the Underlying Action. PHP asserts, and states on information and belief that GREENWICH disputes, among other things, that:

    a. Under the Policy, GREENWICH was and is obligated to immediately and completely pay for PHP's defense of the Underlying Action by paying for defense expenses PHP incurred through its counsel in the Underlying Action; and

    b. GREENWICH has breached that duty to pay defense expenses by wrongfully refusing to pay for PHP's defense expenses in the

Underlying Action and asserting that GREENWICH is not obligated to pay for such expenses.

33. PHP desires a judicial determination and declaration of the parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the payment of defense expenses incurred in the Underlying Action.

34. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the Underlying Action.

## SECOND CAUSE OF ACTION

### DECLARATORY RELIEF – DUTY TO INDEMNIFY PHP IN CONNECTION WITH SETTLEMENT OF THE UNDERLYING ACTION (AGAINST GREENWICH)

35. PHP realleges and incorporates by reference each and every allegation set forth above in this Complaint.

36. A dispute and actual, justiciable controversy has arisen and now exists between PHP and GREENWICH concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with the Underlying Action. PHP asserts, and states on information and belief that GREENWICH disputes, among other things, that under the Policy, GREENWICH is obligated to indemnify PHP for settlement of the Underlying Action.

37. PHP desires a judicial determination and declaration of the parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the settlement of the Underlying Action.

38. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Polices in connection with the Underlying Action.

## THIRD CAUSE OF ACTION

### BREACH OF CONTRACT (AGAINST GREENWICH)

39. PHP realleges and incorporates by reference each and every allegation

set forth above in this Complaint.

40. The Policy is a valid and enforceable written contract that affords PHP insurance coverage for claims in the Underlying Action.

41. PHP has made written demands that GREENWICH acknowledge coverage under the Policy in connection with the Underlying Action and that GREENWICH pay for the costs of defending PHP in the Underlying Action.  PHP has also specifically asked GREENWICH to pay toward its settlement of the Underlying Action.

42. PHP has satisfied all terms and conditions of the Policy that apply to it, except to the extent GREENWICH prevented PHP from performing under the Policy and/or PHP was excused from performing under the Policy.

43. GREENWICH has breached the Policy by, among other things, wrongfully:

    a. Delaying payment of PHP's defense expenses in the Underlying Action, thus not honoring its obligation to promptly pay PHP's defense expenses as they are incurred;

    b. Asserting that it is not required to fund PHP's defense or indemnity in connection with the Underlying Action;

    c. Denying PHP the right to benefits to which PHP is entitled under the Policy; and

    d. Taking coverage positions contrary to controlling law.

44. By breaching the Policy, GREENWICH waived its rights under the Policy.

45. As a direct and proximate result of GREENWICH's breaches, PHP has been damaged in an amount to be proven at trial.

10856141.1

- 8 -    Case No. _____
COMPLAINT OF PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.;
AND TRUNG TRAN AGAINST GREENWICH INSURANCE COMPANY

# FOURTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST GREENWICH)

46.   PHP realleges and incorporates by reference each and every allegation set forth above in this Complaint.

47.   The Policy contains an implied covenant of good faith and fair dealing under which GREENWICH agreed not to take any action that would deprive PHP of its rights and benefits under the Policy.

48.   GREENWICH has breached this implied covenant of good faith and fair dealing by engaging in a course of conduct intentionally designed to deprive PHP of its right and benefits under the Policy.

49.   GREENWICH breached the implied covenant of good faith and fair dealing by asserting unreasonable interpretations of the Policy with the intention of depriving PHP of rights and benefits due to PHP under the Policy.  GREENWICH's breaches of the implied covenant of good faith and fair dealing include, but are not limited to intentionally, wrongfully, and maliciously:

   a.   Delaying payment of PHP's defense expenses in the Underlying Action, thus not honoring its obligation to promptly pay PHP's defense expenses as they are incurred;

   b.   Basing its claims-handling decisions on the desire to reduce or avoid its obligations to PHP;

   c.   Preferring its own interests over the interests of PHP;

   d.   Denying PHP the rights and benefits to which PHP is entitled under the Policy, with the intention of coercing PHP to forgo these rights and benefits; and

   e.   Taking coverage positions contrary to controlling law.

50.   By breaching the implied covenant of good faith and fair dealing, GREENWICH waived its rights under the Policy.

51. As a direct and proximate result of GREENWICH's breaches of the implied covenant of good faith and fair dealing, PHP has been damaged in an amount to be proven at trial.

52. As a direct and proximate result of GREENWICH's breaches of the implied covenant of good faith and fair dealing, PHP is entitled to recover its attorneys' fees and costs incurred in establishing its rights to obtain benefits under the Policy.

## FIFTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES (VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.) (AGAINST GREENWICH)**

53. PHP realleges and incorporates by reference each and every allegation set forth about in this Complaint.

54. PHP alleges on information and belief that GREENWICH has engaged in unlawful, unfair, wrongful, and/or fraudulent business practices, including with respect to PHP's claims to GREENWICH under the Policy in connection with the Underlying Action.  Such practices include but are not limited to the acts and omissions set forth above, as well as violations of California Insurance Code § 790.03(h), such as knowingly committing or performing with such frequency as to indicate a general business practice the following unfair claims and settlement practices:

    a. Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue;

    b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies; and

        d.     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

GREENWICH's unlawful, unfair, wrongful, and/or fraudulent business practices set forth above in this paragraph and throughout this Complaint, including the third and fourth causes of action were and are unfair business practices in violation of California Business and Professions Code § 17200, et seq., and California common law.  (*See, e.g., Zhang v. Superior Court* (2013) 57 Cal.4th 364.)

55.    As a direct and proximate result of GREENWICH's unlawful, unfair, wrongful, and/or fraudulent business practices, PHP has suffered and will continue to suffer substantial damage and irreparable injury.  As such, PHP is entitled to temporary, preliminary, and permanent injunctive relief against GREENWICH and its unlawful, unfair, wrongful, and/or fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, PHP prays for relief as follows:

1.    As to the first cause of action, a declaration that:

    a.    Under the Policy, GREENWICH was and is obligated to immediately and completely pay for PHP's defense of the Underlying Action by paying for defense expenses PHP incurred through its counsel in the Underlying Action; and

    b.    GREENWICH has breached that duty to pay defense expenses by wrongfully refusing to pay for PHP's defense expenses in the Underlying Action and asserting that GREENWICH is not obligated to pay for such expenses;

2.    As to the second cause of action, a declaration that under the Policy, GREENWICH is obligated to indemnify PHP for settlement of the Underlying Action.

3.    As to the third cause of action, general, consequential, and

compensatory damages according to proof;

4. As to the fourth cause of action, attorneys' fees, costs, and consequential damages according to proof;

5. As to the fifth cause of action, temporary, preliminary and permanent injunctive relief;

6. Pre-judgment interest according to proof;

7. Costs of suit and attorneys' fees according to proof;

8. Punitive damages according to proof; and

9. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 30, 2015     HANSON BRIDGETT LLP

By: /s/ Alexander J. Berline
ALEXANDER J. BERLINE
MILES C. HOLDEN
Attorneys for
PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN

## JURY DEMAND

PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN hereby demand a jury trial.

DATED: January 30, 2015          HANSON BRIDGETT LLP

By: /s/ Alexander J. Berline
ALEXANDER J. BERLINE
MILES C. HOLDEN
Attorneys for
PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; and TRUNG TRAN