# EXHIBIT A

1 | JAURIGUE LAW GROUP
MICHAEL J. JAURIGUE (SBN 208123)
2 | 2092 Concourse Rd. Ste. 25
San Jose, CA 95131
3 | Michael@jauriguelaw.com
**Phone:** (408) 321-8511
4 | **Fax:** (408) 321-8556
michael@jauriguelaw.com
5 |

6 | Attorneys for Plaintiffs

7 |

FILED   Santa Clara County
11/19/12   3:57pm
David H. Yamasaki
Chief Executive Officer
By: msorum DTSCIV008108
R#201200120311
CK            $1,435.00
TL            $1,435.00
Case: 1-12-CV-236349

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SANTA CLARA

10 |

11 | HUONG HO and KEVIN NGUYEN,
individually and on behalf of all others
12 | similarly situated,

13 | Plaintiffs,

14 |

15 |

16 |

17 | v.

18 | PHP GROUP, INCORPORATED, a
California corporation; PHP INSURANCE
19 | SERVICE, INCORPORATED, a California
corporation; TRUNG TRAN, an individual;
20 | and DOES 1-15,

21 | Defendants.

Case No:   1 1 2 C V 2 3 6 3 4 9

**CLASS-ACTION COMPLAINT**

1. **Failure to Pay Overtime (Labor Code §§510, 1194, and 1194.2);**
2. **Failure to Provide Adequate Rest Periods (Labor Code § 226.7 and Wage Order 4);**
3. **Failure to Provide Adequate Meal Periods (Labor Code §§ 226.7 and 512 and Wage Order 4);**
4. **Failure to Keep Accurate Payroll Records (Labor Code § 1174)**
5. **Failure to Provide Accurate Wage Statements (Labor Code § 226)**
6. **Continuing Wages Liability (Labor Code § 203)**
7. **Failure to Compensate for Vested Vacation Hours (Labor Code §227.3)**
8. **Violation of Business & Professions Code § 17200 *et seq.***

<u>**Demand for Jury Trial**</u>

CLASS ACTION COMPLAINT FOR WAGE & HOUR VIOLATIONS AND OTHER CLAIMS

### Introduction

This class action is brought by Plaintiffs HUONG HO (hereinafter "Ho") and KEVIN NGUYEN (hereinafter "Nguyen") (collectively "Plaintiffs"), individually and on behalf of all similarly situated present and former employees of DEFENDANTS PHP Group, Inc. (hereinafter "PHP Group"), PHP Insurance Service, Inc. (hereinafter "PHP Insurance"), and Trung Tran (hereinafter "Defendant Tran") (collectively "Defendants").

Pursuant to section 382 of the California Code of Civil Procedure, this Complaint seeks relief for claims brought as a class action on behalf of Plaintiffs and Class Members who were former and current employees of Defendants.  Ho and Truong bring this action to enforce California's labor laws and halt the unlawful business practices of PHP Group, PHP Insurance, and Defendant Tran against their employees and the general public.

Since the inception of PHP Group and PHP Insurance, Defendants have knowingly and willfully disregarded California's labor laws for higher profits.  Defendants run PHP Group and PHP Insurance as a taskmaster over immigrant and Vietnamese workers, consisting of Plaintiffs and the class of employees they seek to represent.  Defendants' business practices include misclassifying non-exempt employees as exempt and requiring them to work excessive hours without being paid overtime.  Defendants' unlawful policies and practices have led to unpaid overtime, depriving Plaintiffs and Class Members of legally mandated meal and rest periods.  Defendants have willfully disregarded protections under California labor laws.  Defendants' unlawful business practices must cease and Plaintiffs must be compensated for these violations.

### JURISDICTION

1.    This Court has general jurisdiction over Defendants because, at all relevant times, Defendants have had systematic and continuous contacts within the State of California.  Defendants own and operate PHP Group and PHP Insurance, which are California corporations registered to do business within the California Secretary of State.  PHP Group, PHP Insurance, and Defendant Tran are authorized to conduct business in the State of California and do conduct business in the State of California.  Defendants operate exclusively out of their San Jose office in Santa Clara County and service many residents in San Jose.  Furthermore, this Court has personal jurisdiction over Defendants because the claims in this action arise out of Defendants' specific contacts with the State of California due to Defendants' failure to abide by California's labor laws.

1

1      2.      Venue is proper in the County of Santa Clara in accordance with Code of Civil

2 Procedure § 395(a) because Defendants have and, at all relevant times, maintained offices in the

3 County of Santa Clara and committed violations and wrongful conduct in this county.

4 **PARTIES**

5      3.      This class action is brought pursuant to California Code of Civil Procedure section

6 382 on behalf of the named Plaintiffs as individuals and on behalf of all current and former

7 employees against Defendants PHP Insurance Service, Inc., PHP Group, Inc., and Trung Tran to

8 recover, among other things, unpaid overtime compensation, illegal deduction policy wages and

9 other illegal deductions, meal and rest wages, damages, continuing wages, interest, attorney's fees,

10 penalties, costs and expenses.

11      4.      At all relevant times to this action, Plaintiffs are informed and believe, and thereon

12 allege that PHP Group and PHP Insurance operate an insurance brokerage office, selling insurance

13 products under casualty, property, accident and health, commercial and life policies. PHP

14 Insurance and PHP Group are California corporations, organized and existing under and by virtue

15 of the laws of the State of California, and are actively licensed by the California Department of

16 Insurance under license number 0D04026.

17      5.      At all relevant times to this action, Plaintiff Ho was a resident of the County of

18 Santa Clara, State of California. Plaintiff Ho was employed as an Insurance Agent and/or Broker

19 by Defendants from on or about January 4, 2010, to on or about October 28, 2011. Plaintiff Ho's

20 duties included, but were not limited to, creating insurance quotes for clients, analyzing clients'

21 needs, selling property and health insurance policies, processing paperwork, and servicing client

22 calls.

23      6.      At all relevant times to this action, Plaintiff Nguyen was a resident of the County of

24 Santa Clara, State of California. Plaintiff Nguyen was employed as an Insurance Agent by

25 Defendants from on or about October 11, 2011 until his resignation, on or about April 20, 2012.

26 Plaintiff Nguyen's duties included, but were not limited to, creating insurance quotes for clients,

27 analyzing clients' needs, selling property and health insurance policies, and servicing client calls.

28

1    7.    At all relevant times to this action, Plaintiffs are informed and believe, and thereon

2  allege, that Defendant Tran is and at all relevant times, has been the President and CEO of PHP

3  Insurance and PHP Group, which is headquartered at1818 Tully Road, Suite 162A, San Jose,

4  California 95122.  Defendant Tran is licensed under the California Department of Insurance

5  number 0C06077.

6    8.    At all relevant times to this action, Plaintiffs are informed and believe, and thereon

7  allege, that Defendant Tran and DOES 1-15, are, and at all relevant times were, officers, directors,

8  and shareholders of PHP Group and PHP Insurance, have acted on behalf of PHP Insurance and/or

9  PHP Group, which included business operations decisions related to the establishment of illegal

10  employment policies and payroll practices and have managed, operated, and supervised the

11  employees of PHP Group and PHP Insurance.

12    9.    The true names and capacities, whether individuals, corporate, associate or

13  otherwise, of DOES 1-15 inclusive, are unknown to Plaintiffs and therefore sue the DOE

14  defendants by fictitious names.  Plaintiffs will amend the complaint to show their true names and

15  capacities when they have been ascertained.

16    **FACTUAL BACKGROUND**

17    10.    Throughout the relevant time period, Defendants have owned, operated, managed

18  and conducted PHP Group, Inc. and PHP Insurance Service, Inc., an insurance brokerage business

19  within the City of San Jose in the County of Santa Clara.  The company acts as an "independent

20  agent" by providing coverage from approximately thirty (30) to forty (40) different insurance

21  policy carriers in the area of property, life, accident and health, and casualty insurance.

22    11.    At all relevant times to this action, Plaintiffs are informed and believe, and thereon

23  allege that Defendants are joint employers by virtue of joint enterprise.  Plaintiffs and all other

24  similarly situated current and former employees perform, and have performed, services for each

25  and every Defendant, to the mutual benefits of Defendants, and all Defendants share(d) control of

26  Plaintiffs and Class Members as employees, either directly or indirectly, and the manner in which

27  the Defendants' business is conducted.

28

3

1    12.    At all relevant times to this action, Plaintiffs are informed and believe, and thereon

2  allege that there exists such a unity of interest and ownership among PHP Group, PHP Insurance,

3  and Defendant Tran that the individuality and separateness of Defendants have ceased to exist.

4  The business affairs of PHP Group, PHP Insurance, and Defendant Tran are so mixed and

5  intermingled that the same cannot reasonably be segregated. Therefore, the corporate existence of

6  PHP Group and PHP Insurance should be disregarded in the interest of justice as PHP Group and

7  PHP Insurance are, and were, the shells or conduits for the personal and business affairs, and the

8  alter egos of Defendant.

9    13.    At all relevant times to this action, Plaintiffs are informed and believe, and thereon

10  allege that all Defendants were the agents, employees, servants, masters, or the employers of the

11  remaining Defendants, and in doing the things herein alleged, were acting within the scope of such

12  agency or employment, with the approval and ramification or each of the other Defendants.

13    14.    At all relevant times alleged herein, Defendants conduct their business primarily

14  in Vietnamese-speaking communities of Santa Clara County and surrounding cities, including San

15  Jose. Accordingly, Plaintiffs and the Class Members are predominantly Vietnamese-speaking

16  individuals. Some of the employees are recent immigrants from Vietnam or are new graduates

17  who are unsophisticated in employment and labor rights. Defendants routinely entered into oral

18  employment contracts with Plaintiffs and Class Members. Plaintiffs and Class Members did not

19  receive employment handbooks at the time of hiring or otherwise that contained the internal

20  policies of PHP Insurance. Defendants purposefully hire recent immigrant workers to improperly

21  take advantage of their lack of knowledge regarding labor and employment rights.

22    15.    At all relevant times alleged herein, Plaintiffs were employed by Defendants under

23  oral and/or implied employment agreements. Defendants classified Plaintiffs as exempt

24  employees serving as insurance agents/brokers. In Plaintiffs' capacities as insurance agents, their

25  primary duties involved generating quotes for clients, selling insurance policies and servicing

26  client calls. Plaintiffs' daily duties were driven mainly by customer sales and servicing clients.

27  Plaintiff's typical duties included assisting with client intakes for walk-in and telephone clients.

28

1 | Plaintiffs discussed the client's insurance needs, explained the insurance products, and sold the

2 | insurance product that the clients selected.    Plaintiffs Ho and Nguyen did not have, and

3 | Defendants did not assign, any responsibilities related to or in support of the business operations

4 | or management policies of Defendants' company.

5 |        16.    At all relevant times alleged herein, Plaintiffs were considered by PHP as

6 | "independent insurance agents." While the majority of Plaintiffs' work is related to the sales of

7 | insurance policies, Plaintiffs and the Class Members did not earn or receive any commission for

8 | their sales.

9 |        17.    At all relevant times alleged herein, Defendants required that Plaintiffs and all

10 | Class Members maintain a strict work schedule which began at 9:00 a.m. and ended at 7:00 p.m.

11 | each day, Monday through Friday, and from 9:00 a.m. to 5:00 p.m. on Saturdays.  Plaintiffs and

12 | all Class Members were required to work during those hours.

13 |        18.    At all relevant times alleged herein, Defendants have failed to maintain any time

14 | records with respect to the times Plaintiffs and Class Members began their work shift, ended their

15 | work shift, and the times Plaintiffs and Class Members took their statutorily required breaks.

16 | There was no method of time recording for Plaintiffs and Class Members to clock in or clock out.

17 | Rather, Defendants maintained a video-recording system that Defendants would review as

18 | Plaintiffs and Class Members arrived at work and/or Defendants would personally monitor when

19 | Plaintiffs and Class Members would begin and end their workday.  If an employee was late,

20 | Defendants would later illegally deduct the amount of time that the employee was late from the

21 | employee's paycheck.  However, Plaintiffs and Class Members were not compensated for all

22 | hours actually worked.

23 |        19.    At all relevant times alleged herein, Defendants had no written policy regarding

24 | meal and rest breaks.  However, Defendants and management had an oral policy discouraging

25 | Plaintiffs and Class Members from taking meal breaks.  This was because Defendants

26 | insufficiently staffed the office.  Even if Plaintiffs and Class Members were permitted to take a

27 | meal break, they were not relieved of all work duties.    Defendants required that Plaintiffs and

28 |

5

1  Class Members provide sales and customer service at all times to clients, therefore Plaintiffs and

2  Class Members were pressured into staying to service clients even during meal breaks.

3  Defendants did not provide a policy to relieve employees from their duties during their meal

4  breaks.  Employees who were not available to assist customers were later berated by management

5  for neglecting their duties.

6      20.    At all relevant times alleged herein, Defendants also maintained an oral policy

7  preventing any rest breaks altogether.  Accordingly, Plaintiffs and Class Members were strictly

8  prevented from taking statutorily required rest breaks throughout the entire workday.

9      21.    At all relevant times alleged herein, Defendants distributed wage statements to

10  Plaintiffs and Class Members on a bi-weekly basis.  The paystubs, however, do not list the actual

11  number of hours worked.  Rather, the wage statements are capped at 40 hours regardless of the

12  numbers of hours Plaintiffs and Class Members actually worked during the week.  In addition, the

13  wage statements failed to list the accurate gross wages earned, the accurate total hours worked by

14  the employee, all deductions, the accurate net wages earned, and the applicable hourly rates in

15  effect during the pay period and the corresponding number of hours worked, at each hourly rate by

16  the employee.  Cal. Lab. Code § 226(a).  In addition, the wage statements did not include the

17  employee's earned paid time off, earned sick leave, and earned vacation days.

18      22.    At all relevant times alleged herein, Defendants maintained an oral policy to

19  provide vacation and sick time to employees.  Plaintiffs and Class Members did/do not have a

20  collective bargaining agreement that waived employees' rights to their vested vacation hours.

21  Defendants failed to pay employees their remaining vested vacation hours as wages upon the

22  employees' termination or resignation.

23      23.    At all relevant times alleged herein, Defendants failed to pay Plaintiffs and Class

24  Members any overtime wages as all employees were misclassified as exempt employees.

25  Plaintiffs and Class Members, however, did not perform any exempt duties and were not actually

26  paid a salary since any time taken off by Plaintiffs and Class Members would later be deducted

27  from their paychecks.

28

6

24.     At all relevant times alleged herein, Plaintiffs and Class Members did and doe not provide any input, consultations, or recommendations to Defendant regarding the business development and internal operations of PHP.  Plaintiffs did not and do not: (i) have the ability to negotiate, represent, or contract on behalf of PHP in any business matters; (ii) supervise or manage any other employees at PHP; (iii) receive any type of management-related training; (iv) participate in any marketing related activities for the PHP; (v) provide any input into the business development, operations, or internal policies of PHP; (vi) have the ability to build their professional development or business by attending industry functions or marketing events.

25.     At all relevant times alleged herein, Plaintiffs and the Class Members are and were under strict and constant supervision by Defendant Tran.  Each insurance policy sold by Plaintiffs or the Class Members was required to be verified and signed off by Defendant Tran.  Defendant Tran is the only person that negotiates, contracts commission rates, and maintains a working relationship with the independent insurance carriers.  Plaintiffs and Class Members are discouraged from conversations with one another if the conversation is not directly related to work.  In addition to controlling the Plaintiffs and the Class Members' schedules, work, and communication, Defendants also required that some employees change their Vietnamese names to American names that were selected by Defendant Tran.

26.     This Complaint asserts claims against Defendants for violations of California Labor Code sections 226, 226.7, 227.3, 510, 512; violations of the relevant Wage Order 4-2001 of the Industrial Welfare Commission; and violations of section 17200 *et seq.* of the California Business and Professions Code.

27.     Plaintiffs contend that they and the Class Members were misclassified as exempt employees and the failure of Defendants to pay minimum wage and overtime as provided by the California Labor Code section 510 and the applicable Wage Order entitles each Plaintiff and Class Member to payment of such earned but unpaid overtime wages.

28.     Plaintiffs contend that the failure of Defendants to provide proper rest periods and/or meal breaks as required by the California Labor Code sections 226.7 and 512 and the

1  applicable Wage Order entitles each Class Member to payment of an additional hour of pay for

2  each work day that the proper meal and rest period was not provided.

3      29.      Plaintiffs contend that the failure of Defendants to provide properly itemized wage

4  statements as required by California Labor Code section 226 entitles each Class Member to

5  damages of at least fifty dollars ($50) for the initial pay period and one hundred dollars ($100) for

6  each subsequent pay period not to exceed four thousand dollars ($4000).

7      30.      Plaintiffs contend that the failure of Defendants to provide vested vacation benefits

8  as wages upon termination at the final rate of pay as required by California Labor Code section

9  227.3 entitles each Class Member to damages as available by law.

10      31.      Plaintiffs also contend that Defendants' willful failure to pay them all of their

11  earned wages upon discharge or quitting under California Labor Code section 201 entitles them

12  and each Class Member who was discharged or quit to "continuing wages" under California Labor

13  Code section 203.

14                          **CLASS-ACTION ALLEGATIONS**

15      32.      Plaintiffs bring this action on behalf of themselves and all others similarly situated

16  as a class action pursuant to section 382 of the California Code of Civil Procedure. The action

17  may be properly maintained as a class action because there is a well-defined community of interest

18  and the proposed Class is easily ascertainable.

19      33.      The class represented by Plaintiffs (hereafter referred to as the "Class") consists of

20  all individuals who—at any time during the four years preceding the filing of the original

21  Complaint through the date of the filing of the motion for class certification— are current or

22  former employees of Defendants at PHP Insurance Service, Inc. in San Jose, California (such

23  persons herein referred to as "Class Members" and such period referred to herein as "Class

24  Period").

25      34.      Plaintiffs reserve the right under California Rules of Court 3.765(b) to amend or

26  modify the class description with greater specificity or further division into subclasses or

27  limitation to particular issues.

28

8

**A. Numerosity**

35.    Joinder of the class would be impracticable due to sizeable number of members and the Class Members' lack of resources to initiate individual claims.  Plaintiffs estimate that the size of the Class consists of at least forty persons, but do not exceed one hundred persons.  Given the small amount of recovery and the lack of resources to pursue individual claims, it is impractical to join each Class Member as a named plaintiff.   Plaintiffs and the Class Members are informed and believe that the employment records of PHP Insurance Service, Inc. will provide information as to the number and location of all Class Members.

**B. Community of Interest; Common Questions of Law & Fact**

36.    There are questions of law and fact that are common to the members of the Class that predominate over any questions affecting only individual Class Members.   These common questions include, without limitation:

a.    Whether Plaintiffs and Class Members were improperly classified as exempt employees.

b.    Whether Defendants failed to provide Class Members required meal periods.

c.    Whether Defendants failed to provide Class Members required rest periods.

d.    Whether Defendants failed to provide Class Members with wage statements that complied with section 226(a).

e.    Whether Defendants failed to provide Class Members with all of their overtime wages.

f.    Whether Defendants failed to provide Class Members with all of their vested vacation benefits upon discharge or quitting.

g.    Whether Defendants failed to provide Class Members with all of their earned wages upon discharge or quitting.

h.    Whether Defendants violated section 17200 *et seq*. of the Business and Professions Code by engaging in the action and/or conduct described in the subparagraphs above.

1                i.     Whether the actions and/or conduct of Defendants violated by Section 17200 *et*

2                       *seq.* of the Business and Professions Code constituted violations of fundamental

3                       public policy.

4        **C. Typicality of Claims**

5        37.     The claims of the named Plaintiffs are typical of the claims of the members of the

6 Class.  Plaintiffs and Class Members have been employed in substantially similar positions as

7 "insurance brokers and agents"; they have the same types of duties and responsibilities; they must

8 follow the mandatory schedule, attendance and restrictive internal office policies required by

9 Defendants.  Plaintiffs and Class Members have sustained similar injuries and damages arising out

10 of the common course of conduct of Defendants.

11        **D. Adequacy of Representation**

12        38.     The named Plaintiffs will fairly and adequately represent and protect the interests

13 of the members of the Plaintiff Class.  Plaintiffs do not have any conflicts with the other Class

14 Members and plan on pursuing the litigation vigorously.  Plaintiffs have the same common

15 interests as those of the Members of the Class and have retained well-qualified attorneys to

16 represent them and the Class.  Plaintiffs have been involved in the litigation and understand the

17 fiduciary duties that they hold to all the Class Members.  Plaintiffs will continue to participate and

18 be available for the duration of the litigation.  Each of the counsel for Plaintiffs is competent and

19 experienced in litigating large employment class actions and will devote adequate staff and

20 resources to represent the interests of the Class.

21        **E. Superiority of Class Action**

22        39.     A class action is superior to other available methods for the fair and efficient

23 adjudication of this controversy.   Individual joinder of all Class Members is impracticable because

24 of the smaller recovery amounts in addition to the lack of resources available for the individual Class

25 Members to pursue separate actions.  The judicial system would be burden with multiple trials of

26 the same issues and the potential for inconsistent or contradictory judgments would increase.  The

27 common questions of law and fact predominate in this action as the Plaintiffs and the Class

28

1   Members have sustained similar and damages from the same internal policies that Defendants
2   have mandated for all of its employees.  A class action would conserve the resources of the parties
3   and the court while protecting the rights of the members of the class.

4       40.   Defendants' conduct as described above is unlawful, continuing, capable of
5   repetition, and it will continue unless restrained and enjoined by the Court.  It would be a matter
6   of public interest to obtain definitive answers to the legality of Defendants' actions in this case.

7       41.   In addition to asserting class-action claims, pursuant to California Business and
8   Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public.
9   Plaintiff seek to enjoin Defendants from engaging in the unfair, unlawful, and/or deceptive
10  business practices alleged in this Complaint, as well as to require Defendants to pay
11  restitution of all monies wrongfully obtained by it through its unfair, unlawful, and/or
12  deceptive business practices.  A representative action is necessary and appropriate because
13  Defendants have engaged in the wrongful acts described herein as a general business practice.
14  Therefore, utilization of a class action is the most economically feasible means of determining the
15  merits of this litigation.

16  **FIRST CAUSE OF ACTION**

17  **FAILURE TO PAY OVERTIME WAGES**

18  **(LABOR CODE §§ 510, 1194, and 1194.2)**

19      42.   The preceding paragraphs of this Complaint are re-alleged and incorporated herein
20  by reference.

21      43. In one or more workweeks during the relevant statute of limitations period,
22  Defendants failed to pay Plaintiffs for all time worked.  Defendants did not pay Plaintiffs time
23  and a half of their regular rate of pay for hours worked in excess of eight (8) hours in one work
24  day, or in excess of forty (40) hours during one work week; or double Plaintiffs' regular rate of
25  pay for hours worked in excess of twelve (12) hours in any one work day as required by California
26  Labor Code section 510 and the applicable Wage Order.

27      44. Section 204 of the California Labor Code requires employers to pay employees

28

11

1  "all wages...earned by any person in any employment are due and payable twice each calendar

2  month, on days designated in advance by the employer as regular paydays." Cal. Lab. Code §

3  204.

4      45.    Defendants did not pay Plaintiffs and Class Members for all hours worked and only

5  compensated Plaintiffs at a fixed rate in a workweek notwithstanding the fact that Plaintiffs and

6  Class Members worked in excess of forty hours.  Plaintiffs and Class Members were/are scheduled

7  to work as follows:  from 9:00 a.m. to 7:00 p.m., Mondays through Fridays, and from 9:00 a.m. to

8  5:00 p.m. Saturdays.   However, Plaintiffs and Class Members actually worked in excess of the

9  scheduled hours and were never compensated for that time.   This is a direct violation of California

10  Labor Code section 510 and the applicable Wage Order.

11     46. Plaintiffs have been continuously damaged by Defendants' intentional and

12  persistent failure to compensate Plaintiffs for overtime wages as mandated by Labor Code section

13  510. Defendants' failure to comply with the Labor Code section 510 was intentional and willful.

14  Defendants knew, or should have known, that the reckless, willful and/or intentional failure to

15  properly pay wages owed to the Plaintiffs was unlawful.

16     47. Pursuant to California Labor Code sections 1194 and 1194.2, Plaintiffs and Class

17  Members are entitled to recover from Defendants the unpaid balance of the full amount of their

18  unpaid overtime compensation, including interest thereon, reasonable attorneys' fees, costs of suit,

19  and liquidated damages.

20              **SECOND CAUSE OF ACTION**

21        **FAILURE TO PROVIDE ADEQUATE REST PERIODS AND/OR**

22          **PROPER COMPENSATION IN LIEU THEREOF**

23            **(LABOR CODE § 226.7 AND WAGE ORDER 4)**

24     48. The preceding paragraphs of this Complaint are re-alleged and incorporated

25  by reference.  California Labor Code section 226.7 and the applicable Wage Order provide that

26  employees must be authorized and permitted to take rest periods at a rate of ten (10) minutes per

27

28

                         12

1 | four (4) hours of work, or major fraction thereof, during which time the employee should be
2 | relieved of all work duties.  Cal. Lab. Code § 226.7.

3 |     49. Defendants failed to provide or advise Plaintiffs and Class Members of their right
4 | to take proper rest periods mandated by California law.  Plaintiffs and Class Members, therefore,
5 | did not take any morning and/or afternoon rest breaks.  Defendants subsequently also failed to
6 | compensate Plaintiffs and Class Members with an additional hour of pay for each workday a rest
7 | period was not provided for Defendants' noncompliance.

8 |     50. Pursuant to Labor Code section 226.7 and the applicable Wage Order, Plaintiffs
9 | and Class Members are entitled to damages in the amount of one (1) hour of wages at their regular
10 | rates of pay for each work day a proper rest period was not provided.

11 | **THIRD CAUSE OF ACTION**

12 | **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS AND/OR PROPER**
13 | **COMPENSATION IN LIEU THEREOF**
14 | **(LABOR CODE §§ 226.7 AND 512 AND WAGE ORDER 4)**

15 |     51. The preceding paragraphs of this Complaint are re-alleged and incorporated
16 | by reference.

17 |     52. California Labor Code section 512 and the applicable Wage Order require that
18 | Employees must be provided with full, uninterrupted off-duty meal periods of no less than thirty
19 | (30) minutes within the first five (5) hours in the work day.   Section 226.7 and applicable Wage
20 | Order also require that employees must be provided with a second meal period of no less than
21 | thirty (30) minutes before working more than ten (10) hours in a work day.

22 |     53.  At all relevant times, Labor Code section 226.7  provide that if an employer fails
23 | to provide a meal period in compliance with the Code, the employer shall pay the employee one
24 | (1) hour of pay at the employee's regular rate of compensation for each workday that the full and
25 | uninterrupted meal period is not provided.

26 |     54. Defendants have repeatedly and purposely failed to provide Plaintiffs and Class

27 |
28 |

13

1  Members with their required meal periods.  If they were taken, Plaintiffs and Class Members were

2  not relieved from all duties.  Defendants have continuously deducted an hour of pay for the first

3  meal period from Plaintiffs' and Class Members' wages regardless of whether Plaintiffs and Class

4  Members actually took a proper meal break.   Plaintiffs and Class Members often worked ten

5  hours or more without being provided with a second meal period as mandated by California law.

6      55. Plaintiffs were entitled to proper meal periods for the hours they worked.

7  Plaintiffs did not voluntarily and knowingly waive their right to take meal periods through mutual

8  written consent with Defendants and thus meal periods should have been allocated as regulated by

9  California law.

10      56. Because Defendants have failed to provide Plaintiffs with meal breaks that meet the

11  above requirements, Defendants are liable to Plaintiffs and Class Members for one hour of

12  additional pay at the regular rate of compensation for each workday that the full and uninterrupted

13  meal periods were not provided pursuant to Labor Code section 226.7(b).

14      57. Defendants have not timely and properly compensated Plaintiffs for the missed

15  meal periods as regulated by law.   By failing to provide compensation for the missed, denied, or

16  improperly provided meal periods, as alleged above, Defendants has knowingly, willfully, and

17  deliberately violated and continue to violate Labor Code section 226.7.

18      58.    Accordingly, Plaintiffs respectfully request that the Court award judgment and

19  relief in their favor as described herein.

20  **FOURTH CAUSE OF ACTION**

21  **FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

22  **(LABOR CODE §§ 1174 AND 1174.5)**

23      59. The preceding paragraphs of this Complaint are re-alleged and incorporated

24  by reference.

25      60.    California Labor Code section 1174(d) states that "[e]very person employing labor

26  in this state shall . . . (d) keep, at a central location in the state or at the plants or establishments at

27  which employees are employed, payroll records showing the hours worked daily by and the wages

28

14

1  paid to, and the number of piece-rate units earned by and any applicable piece rate paid to,

2  employees employed at the respective plants or establishments.  These records shall be kept in

3  accordance with rules established for this purpose by the commission, but in any case shall be kept

4  on file for not less than two years." Cal. Lab. Code § 1174(d).

5       61.     IWC Wage Order 4-2001, sections7(A) and (D) and 8 Cal. Code Reg. section

6  11040 provide that, for at least three years, every employer shall keep accurate information with

7  respect to each employee including the following:

8          (3)  Time records showing when the employee begins and ends each work period.

9          Meal periods, split shift intervals and total daily hours worked shall also be

10          recorded.  Meal breaks during which operations cease and authorized rest periods

11          need not be recorded.

12          (4) Total wages paid each payroll period, including value of board, lodging, or

13          other compensation actually furnished to the employee.

14          (5) Total hours worked in the payroll period and applicable rates of pay.  This

15          information shall be made readily available to the employee upon reasonable

16          request.

17       62.     Defendants knowingly and intentionally failed to keep accurate payroll records for

18  Plaintiffs and Class Members as required by California Labor Code section1174 (d) and Title 8

19  California Code of Regulations section 11040.   Defendants have failed to keep records of hours

20  worked by Plaintiffs and Class Members.

21       63.     As a result of Defendants' unlawful acts, Defendants are subject to civil penalties

22  and attorneys' fees and costs, pursuant to Labor Code section1174.5 and Title 8 California Code

23  of Regulations section 11040.

24       64.     Accordingly, Plaintiffs respectfully request that the Court award judgment and

25  relief in their favor as described herein.

26                   **FIFTH CAUSE OF ACTION**

27        **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

28

1

**(LABOR CODE § 226)**

2      65. The preceding paragraphs of this Complaint are re-alleged and incorporated

3  by reference.

4      66.      At all times herein relevant, section 226 of the California Labor Code and 8

5  California Code of Regulations section 11040 required that employers provide employees with

6  itemized wage statements showing, among other things, (1) the name of the legal entity that is

7  the employer, (2) wages earned on account of meal and rest penalties, (3) the total hours worked

8  by the employee, (4) the number of piece-rate units earned and any applicable piece rate, (5) the

9  inclusive dates of the period for which the employee is paid, and (6) all applicable hourly rates in

10  effect during the pay period and the corresponding number of hours worked at each hourly rate by

11  the employee.  Moreover, California Labor Code section 226(e) provided that, if an employer

12  knowingly and intentionally fails to provide a statement with all of the above-referenced

13  information, then the employee is entitled to recover the greater of all actual damages or $50 for

14  the initial violation and $100 for each subsequent violation, up to a maximum of $4,000.

15      67.      Defendants have knowingly and intentionally failed to furnish Plaintiffs and Class

16  Members with timely, itemized statements showing, among other things, (1) the total hours

17  worked by the employee, (2) all applicable hourly rates in effect during the pay period and the

18  corresponding number of hours worked at each hourly rate by the employee, (3) the accurate gross

19  wages earned, (4) the accurate net wages earned, and (5) all deductions.  All of the foregoing was

20  intentional misconduct of Defendants that injured Plaintiffs and all other employees insofar as

21  they were subjected to confusion and deprived of information to which they were legally entitled.

22  As a result, Defendants are liable to Plaintiffs and Class Members for the amounts provided

23  by California Labor Code section 226(e), and attorneys' fees and costs.

24

### SIXTH CAUSE OF ACTION

25

### CONTINUING WAGES LIABILITY

26

**(LABOR CODE § 203)**

27      68.      The preceding paragraphs of this Complaint are re-alleged and incorporated

28

16

1  by reference.

2       69.    At all times herein relevant, California Labor Code sections 201 and 202 provided

3  that employees must receive wages earned and unpaid promptly upon termination or resignation.

4       70.    Defendants have failed and refused, and continue to fail and refuse, to pay

5  Plaintiffs and Class Members who have quit or were discharged the amounts that are owed.

6  Defendants' failure to pay Plaintiffs and each Class Member who has quit his or her employment

7  with Defendants or whose employment has been terminated by Defendants violates California

8  Labor Code sections 201 and 202, which therefore subjects Defendants to continuing-wages

9  liability pursuant to section 203 of the California Labor Code for the period of time from four

10  years prior to the filing of the Complaint to date.

11       71.    Because Defendants have willfully failed to pay wages earned and unpaid promptly

12  upon termination or resignation, Defendants are liable for continuing wages to Plaintiffs and each

13  discharged or quitting Class Member under California Labor Code section 203 for a period of up

14  to thirty days according to proof.

15                          **SEVENTH CAUSE OF ACTION**

16             **FAILURE TO COMPENSATE FOR VESTED VACATION WAGES**

17                              **(LABOR CODE § 227.3)**

18       72. The preceding paragraphs of this Complaint are re-alleged and incorporated

19  by reference.

20       73.    At all times herein relevant, California Labor Code section 227.3 provided that

21  where an employee's contract provided for paid vacation time, the employer must pay the

22  employee for all vested vacation wages earned and unpaid promptly upon termination or

23  resignation.

24       74.    Defendants have failed and refused, and continue to fail and refuse, to pay

25  Plaintiffs and Class Members who have resigned or were terminated their wages for their

26  remaining vested vacation benefits.

27

28

                                            17

1    75.    As a result, Defendants are liable to Plaintiffs and Class Members for amounts

2  provided by California Labor Code section 227.3 according to proof.

3                              **EIGHTH CAUSE OF ACTION**

4                          **UNFAIR BUSINESS PRACTICES**

5              **(BUSINESS & PROFESSIONS CODE SECTION 17200 *ET SEQ.*)**

6    76. The preceding paragraphs of this Complaint are re-alleged and incorporated

7  by reference.

8    77.    Plaintiffs, on behalf of themselves and others similarly situated, bring this claim

9  pursuant to Business & Professions Code section 17200 *et seq*. The conduct of Defendants, as

10  alleged in this Complaint, has been and continues to be unfair, unlawful, and harmful to the

11  Plaintiffs and general public.  Plaintiffs seek to enforce important rights affecting the public

12  pursuant to Code of Civil Procedure section 1021.5.

13    78.    Plaintiff Ho and Plaintiff Nguyen are "persons" within the meaning of Business

14  and Professions Code section 17204, have suffered injury, and therefore have standing to bring

15  this action for injunctive relief, restitution, and other equitable relief.

16    79.    California wage and hour law express fundamental and important public policies of

17  this state.  Paying employees for all time worked and providing them with proper meal and rest

18  breaks are fundamental public policies of California.  The Labor Code states that it is the public

19  policy of California to ardently enforce minimum labor standards, to ensure that employees are not

20  required or permitted to work under substandard and unlawful conditions, and to protect law

21  abiding employers and their employees from competitors who lower costs to themselves by failing

22  to comply with the minimal labor standards.

23    80.    Throughout the relevant liability period as alleged herein, through his conduct,

24  Defendants have violated California labor laws and public policies, and have engaged in unlawful

25  and unfair business practices in violation of Business and Professions Code section 17200 *et seq.*,

26  which have deprived Plaintiffs and Class Members of the rights, benefits and privileges

27  guaranteed under the law.  By and through the unfair and unlawful business practices described

28

18

herein, Defendants have obtained valuable property, money, and services from the Plaintiffs while depriving Plaintiffs of rights and benefits guaranteed to Plaintiffs by law.   Defendants have derived numerous benefits from these unlawful practices and are able to unfairly compete against competitors who comply with the law.

81.     Defendants have engaged in unlawful business acts and practices by violating California law, including but not limited to, sections 201, 202, 226, 226.7, 227.3, 510, 512, 1174, 1194, and 1198 of the California Labor Code and Title 8 California Code of Regulations section 11040.

82.     Under the provisions of the section 17203 of the California Business and Professions Code, Plaintiffs and each Class Member should receive restitution for Defendants' failure to pay overtime wages, failure to provide adequate meal and rest periods, failure to provide wages earned and unpaid promptly upon termination or resignation, and failure to pay all vested vacation in a sum according to proof for the period of time from the four years preceding the filing of the Complaint to date.

83.     As a result of Defendants' violations of the Unfair Competition Law, Defendants have unjustly enriched themselves at the expense of Plaintiffs, Class Members, and the general public.

84.     To prevent this unjust enrichment, Defendant should be required to make restitution to Plaintiffs and Class Members, as identified in this Complaint (and as will be identified through discovery into Defendants' books and records), for the period of time from the four years preceding the filing of the Complaint to date.

85.     Plaintiffs also request that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

86.     All the acts describe herein as violations of the Labor Code and Industrial Welfare Commission Wage Order are unlawful and in violation of public policy.   Thereby,

1  Defendants' actions constitute unfair and unlawful business practices in violation of section 17200

2  *et seq.*

3        87.      As the proximate result of Defendants' conduct, as alleged in this Complaint,

4  Plaintiffs and Class Members have been damaged in a sum to be proven at trial and attorneys' fees

5  and costs under Code of Civil Procedure section 1021.5.

6                                  **PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff Ho and Plaintiff Nguyen, on behalf of themselves and on behalf

8  of all others similarly situated, pray for entry of judgment in favor of Plaintiffs and members of

9  the Plaintiff Class against PHP GROUP, INCORPORATED; PHP INSURANCE SERVICE,

10  INCORPORATED; and TRUNG TRAN on all Claims for Relief.  In particular, the Plaintiffs pray

11  for the following relief:

12      1.  For the relief described above for each Cause of Action;

13      2.  For attorneys' fees and costs of suit;

14      3.  For special damages to the extent permitted by law, including, but not limited to, pursuant

15          to California Code of Civil Procedure section 1021.5, and California Labor Code section

16          218.6.

17      4.  For interest on all sums from the date the sums were due;

18      5.  For any Cause of Action for which illegal conduct resulted in the failure to pay for all

19          hours worked, for the non-payment of applicable overtime, for the recovery of wages and

20          statutory civil penalties and liquidated damages in amounts according to proof at trial;

21      6.  For the Court to determine for Causes of Action 1 through 8:

22          a.  That the causes of actions may be maintained as a class action with named Plaintiff

23              Ho and named Plaintiff Nguyen appointed as class representatives;

24          b.  That the attorneys for Plaintiffs be designated as Class Counsel;

25          c.  That the Plaintiffs be awarded compensatory and liquidated damages, as applicable

26              for each cause of action in amounts to proof at trial, with interest thereon;

27

28

d.  That the Plaintiffs be awarded civil penalties as provided by the California Code of
    Civil Procedure and California Labor Code; and

e.  That the Plaintiffs be awarded all remedies provided by the California Labor Code;
    California Code of Civil Procedure; California Business and Professions Code;
    California Civil Code and common law violations described in each cause of
    action.

**First Cause of Action**

1.  For compensatory damages in an amount according to proof at time of trial representing
    the amount of unpaid balance of minimum wage and/or overtime compensation owed to
    Plaintiffs and Class Members for a period of time from four years prior to the filing of the
    Complaint to the date of filing the motion for class certification.

2.  For interest calculated according to law on any minimum wage and/or overtime
    compensation due from day such amounts were due for the period of time from four years
    prior to the filing of the complaint to date.

3.  For reasonable attorney's fees and costs of bringing this suit pursuant to §1194(a) of the
    Labor Code.

4.  For liquidated damages as available under California Labor Code sections 1194 and
    1194.2.

**Second Cause of Action**

1.  For compensatory damages in an amount according to proof at time of trial
    representing one (1) hour of wages at their regular rates of pay for each work day a
    proper rest period was not provided.

2.  For interest calculated according to law on any damages awarded for each work day a
    proper rest period was not provided.

**Third Cause of Action**

1.  For compensatory damages in an amount according to proof at time of trial representing
    the amount of one hour of additional pay at the regular rate of compensation for each

1      workday that the full and uninterrupted meal periods were not provided pursuant to Labor

2      Code section 226.7(b) for a period of time from four years prior to the filing of the

3      Complaint to the date of filing the motion for class certification.

4    2. For interest calculated according to law on any damages awarded for each workday that the

5      full and uninterrupted meal periods were not provided.

6 **Fourth Cause of Action**

7    1. For civil penalties for the failure to maintain accurate payroll records for Plaintiffs as

8      required by California Labor Code section 1174 (d) and Title 8 California Code of

9      Regulations section 11040.

10    2. For compensatory damages in an amount according to proof at time of trial for not

11      providing accurate itemized wage statements to Plaintiffs and Class Members for the

12      period of time from three years prior to the filing of the Complaint to the date of filing the

13      motion for class certification.

14    3. For reasonable attorney's fees and costs of bringing this suit.

15 **Fifth Cause of Action**

16    1. For civil penalties for the failure to provide itemized wage statements as required by

17      California Labor Code section 226(e) which provides the amounts of the greater of all

18      actual damages or $50 for the initial violation and $100 for each subsequent violation, up

19      to a maximum of $4,000.

20    2. For reasonable attorney's fees and costs of bringing this suit.

21 **Sixth Cause of Action**

22    1. For compensatory damages for a period of up to thirty days according to proof at time

23      of trial for continuing-wages liability pursuant to section 203 of the California Labor Code

24      for the period of time from four years prior to the filing of the Complaint to date.

25 **Seventh Cause of Action**

26

27

28

1    1. For compensatory and equitable damages according to proof for the failure to provide

2         wages to employees for the remaining vested vacation benefits upon termination or

3         resignation.

4 **Eighth Cause of Action**

5    1. For an order requiring Defendants to show cause, if any, why it should not be enjoined,

6         as set forth herein above, during and after the pendency of this action.

7    2. For an order from the Court to temporarily, preliminarily, and permanently enjoin PHP

8         GROUP, INC., PHP INSURANCE SERVICE, INC., and TRUNG TRAN and all

9         persons or entities acting in concert with them, whether directly or indirectly, from

10        engaging in the any of the illegal conduct alleged herein.

11    3. For an order from the Court to temporarily, preliminarily, and permanently enjoin PHP

12        GROUP, INC., PHP INSURANCE SERVICE, INC., and TRUNG TRAN and all

13        persons or entities acting in concert with them, whether directly or indirectly, to

14        account for and pay to Plaintiffs and the Class Members all gains, profits, and savings

15        derived from their illegal conduct.

16    4. For an order that Defendants pay restitution of sums to Plaintiff and to each Class

17        Members for Defendants' past failure to pay minimum wage and/or overtime wages

18        in an amount according to proof, for the period of time from the four years prior

19        to the filing of the Complaint to the date of filing of motion for class certification.

20    5. For an order that Defendants pay restitution of sums to Plaintiff and to each Class

21        Member for Defendants' past failure to provide accurate itemized wage statements

22        and to keep payroll records in violation of section 17200 *et seq.*, in an amount

23        according to proof, for the period of time from the four years prior to the filing of

24        the Complaint to the date of filing of motion for class certification.

25    6. For an order that Defendants pay restitution to Plaintiffs and to each Class Member

26        for Defendants' past failure to provide adequate rest and meal periods in violation

27        of section 17200 *et seq.*, in an amount according to proof, for the period of time

28

1   from the four years prior to the filing of the Complaint to the date of filing of

2   motion for class certification.

3   7. For an order that the Defendants pay attorneys' fee and all other costs of the action

4   incurred by Plaintiff and the Plaintiff Class.

5   **As to all other Causes of Action:**

6   1. For such other and further relief as this Court may deem fit and proper.

7

8   DATED:        November 16, 2012

9

10                                              Respectfully Submitted,

11

12                                              Michael J. Jaurigue

13                                              JAURIGUE LAW GROUP

14                                              Attorney for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael J. Jaurigue
Jaurigue Law Group
2092 Concourse Drive # 25
San Jose, CA 95125
TELEPHONE NO.: 408.321.8511   FAX NO.: 408.321.8556
ATTORNEY FOR (Name): Huong Ho and Kevin Nguyen

FOR COURT USE ONLY
FILED
2012 NOV 19 P 4: 58

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior

CASE NAME:
Ho and Nguyen vs. PHP Group, Inc. et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 112CV236349<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 8
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/16/2012
Michael J. Jaurigue
_____
(TYPE OR PRINT NAME)

Michael J. Jaurigue /NC
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|