FILED

JAN 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHP INSURANCE SERVICE, INC.; PHP GROUP, INC.; TRUNG TRAN, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GREENWICH INSURANCE COMPANY, <br><br> Defendant-Appellant. | No. 16-15083 <br><br> D.C. No. 5:15-cv-00435-BLF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted August 17, 2017
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and VANCE,[**] District Judge.

Appellant Greenwich Insurance Company (Greenwich) appeals the district

court's grant of summary judgment in favor of Appellees PHP Insurance Service,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation.

PHP Group, Inc. (PHP), and Trung Tran (Tran). Greenwich contends that the district court erred in holding that it had a duty to defend a class action complaint filed by PHP employees premised on various California Labor Code violations. According to Greenwich, the district court erroneously held that allegations of discrimination and harassment were potentially covered under the Employment Practices Liability Insurance Policy (policy) issued by Greenwich.

    We disagree. The district court properly held that Greenwich had a duty to defend based on allegations in the first amended complaint that were potentially covered by the policy's definitions of discrimination and harassment. *See Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 951 (9th Cir. 2002) (explaining that "[t]he duty to defend does not usually turn on whether facts supporting a covered claim predominate or generate the claim. Instead, California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty.") (citations omitted); *see also Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1269 (9th Cir. 2010) (stating that "California courts have cast doubt on the notion that a complaint must support all elements of a cause of action to state potential liability").

The first amended complaint alleges that PHP employees were "predominantly Vietnamese-speaking individuals" that PHP "purposefully hire[d] recent immigrant workers to improperly take advantage of their lack of knowledge regarding labor and employment rights," and that employees were forced to "change their Vietnamese names to American names that were selected by . . . Tran." These allegations sufficiently triggered a duty to defend based on the policy's definition of "discrimination" due to the "segregation, classification or modification of any term or condition of employment of any Employee . . . because of race [or] national origin."

As a result of these allegations, the district court properly granted summary judgment in favor of PHP on its duty to defend claim. *See Pension Tr. Fund for Operating Eng'rs*, 307 F.3d at 949 (noting the duty to defend claims that "*may* fall within policy coverage") (emphasis in the original); *see also Hudson Ins. Co.*, 624 F.3d at 1269.[1]

**AFFIRMED.**

---

[1] The parties dispute whether the claim under California Labor Code § 226 falls within the policy exclusion for claims involving "the Fair Labor Standards Act . . . or similar provisions of any federal, state or local statutory law or common law." However, we need not and do not address the exclusion in resolving this appeal because it does not bar coverage for the discrimination allegations triggering Greenwich's duty to defend.